UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____-CIV-_____/_____

FRANCISCO GONZALEZ, on behalf of himself
and others similarly situated,

    Plaintiff,

    v.

JOE'S BLUE MARKET CORP., a Florida Corporation,
and TERRY THOMPSON, individually

    Defendants.
_____/

## **COMPLAINT**

1.    Plaintiff, FRANCISCO GONZALEZ (referred to as "Plaintiff"), is an individual residing in Miami-Dade County, Florida.

2.    Defendant, JOE'S BLUE MARKET CORP. (referred to as "JBM"), a Florida Corporation, has at all times material to this Complaint had its principal address at 5830 NW 22nd Avenue, Miami, Florida 33142 and has operated a market and kitchen selling packaged and cooked foods, household goods and beverages to its customers at its two (2) locations in Miami, Florida location in Miami-Dade County, Florida, within the jurisdiction of this Court.

3.    Defendant, TERRY THOMPSON (referred to as "THOMPSON") has at all times material to this Complaint owned, managed, and operated JBM and Defendant THOMPSON has regularly exercised the authority to hire and fire employees, determined the manner in which employees are compensated, determined how employees' hours worked are tracked or recorded, and controlled the finances and operations of JBM. By virtue of such control and authority, Defendant THOMPSON is an employer of Plaintiff and the other similarly situated employees

within the meaning of the Fair Labor Standards Act, 29 U.S.C. §203(d).

4. Plaintiff brings this action on behalf of himself and other current and former employees of JBM and THOMPSON (collectively referred to as "Defendants") for unpaid minimum and overtime wages, liquidated damages, and the costs and reasonable attorneys' fees of this action under the provisions of the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. §216(b),[1] and Fla. Const. Art X §24(c) ("Employers *shall* pay Employees Wages no less than the Minimum Wage for *all* hours worked in Florida.") (emphasis added).

5. Jurisdiction is conferred on this Court by 28 U.S.C. §216(b), 29 U.S.C. §1337, and 29 U.S.C. §1367.

6. A substantial part of the events giving rise to this action, occurred in Miami-Dade County, within the jurisdiction of the United States District Court for the Southern District of Florida.

7. At all times material to this Complaint, including but not necessarily limited to during the years 2013, 2014, 2015, 2016 and 2017, JBM has had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that had been moved in or produced for commerce. In this regard, Plaintiff alleges based upon information and belief and subject to discovery, that at all times material to this Complaint, JBM has employed two (2) or more employees who, *inter alia*, have regularly: (a) regularly handled and worked on kitchen and commercial equipment—including but not limited to refrigerator and freezer, fryers, blenders, coffee machines, stove—that were goods and/or materials moved in or produced for commerce; (b) regularly handled and worked with household goods, packaged foods, beverages—including but not limited to toilet paper, napkins, oils, detergents, milk, Pepsi products, wines and imported

---

[1] Attached hereto is a signed Consent to Join of Plaintiff FRANCISCO GONZALEZ.

beers including but not limited to Heineken, Presidente and Coronas, packaged foods such as cereals, chips, canned soups and tuna, and crackers —that were goods and/or materials moved in or produced for commerce; and (c) regularly processed credit card transactions for payments by and for Defendants' customers through banks and merchant services for credit card companies such as Visa, Mastercard, and American Express.

8. Based upon information and belief, the annual gross sales volume of JBM has been in excess of $500,000.00 per annum at all times material to this Complaint, including but not necessarily limited to during the years 2013, 2014, 2015, 2016 and 2017.

9. At all times material to this Complaint, including but not necessarily limited to during the years 2013, 2014, 2015, 2016 and 2017, JBM has constituted an enterprise engaged in interstate commerce or in the production of goods for commerce as defined by the FLSA, 29 U.S.C. §203(s).

10. In or around December 2016, Defendants hired Plaintiff on a weekly salary of $300.00 per week.

11. At all times material to this Complaint, Plaintiff was an employee of Defendants within the meaning of the FLSA, 29 U.S.C. §203(e), the Florida Minimum Wage Act, and Fla. Const. Art X §24(c).

12. During the three (3) year statute of limitations period between approximately December 2016 and mid-January 2017, Plaintiff's primary duties for Defendants as a Stocker and Cashier were non-exempt in nature, consisting of: (a) stocking (i) beverages, wines and beers into coolers; and (ii) a variety of packaged foods and goods such as toilet paper, napkins, paper plates, dishwashing liquid, detergents, soap, oils, sugar, salt, canned tuna and soups, cereals, soups, crackers, and pastas; (b) cleaning and mopping the store; and (d) receiving and processing

payments for food, goods, and beverages sold to Defendants' customers.

13.     During the three (3) year statute of limitations period between approximately December 2016 and mid-January 2017, Plaintiff regularly worked six (6) days per week with start times regularly around 12:00 p.m. and stop time around 12:00 a.m., averaging approximately Seventy-Two (72) hours per week.

14.     Plaintiff alleges Defendants paid him weekly wages of $300.00 per week without compensation for all of his actual hours worked as required by the FLSA, as a result of which Defendants failed to pay Plaintiff (a) at least the minimum wage of $8.05/hour in 2016 and $8.10/hour 2017 for all of the hours Plaintiff worked each week for Defendants; and (b) time and one-half wages for all of the actual hours Plaintiff worked in excess of Forty (40) hours per week for Defendants.

15.     Based upon Defendants owing Plaintiff unpaid minimum wages at the rates of $3.88/hour and $3.93/hour [($300.00/72 hours = $4.17/hour) ($8.05/hour - $4.17/hour = $3.88/hour) ($8.10/hour - $4.17/hour = $3.93/hour)], Plaintiff's unpaid minimum wages total $845.28 [($3.88/hour x 72 hours x 1 week = $279.36) + ($3.93/hour x 72 hours/week x 2 weeks = $565.92)].

16.     In addition, based upon Defendants owing Plaintiff an average of Thirty-Two (32) overtime hours per week at applicable rates of $4.03/hour and $4.05/hour [($8.05/hour x 1.5 = $12.08/hour - $8.05/hour = $4.03/hour) ($8.10/hour x 1.5 = $12.15/hour - $8.10/hour = $4.05/hour)], Plaintiff's unpaid overtime wages total $388.16 [($4.03/hour x 32 OT hours x 1 week = $128.96) + ($4.05/hour x 32 OT hours/week x 2 weeks = $259.20)].

17.     Between the unpaid minimum and overtime wages due and owing from Defendants, along with liquidated damages pursuant to 29 U.S.C. §216(b), the total amount of

Plaintiff's underlying claims is $2,466.88 [$1,233.44 x 2 = $2,466.88].

18. The additional persons who may become Plaintiffs in this action are the current and former non-exempt employees, however variously titled, who have worked for Defendants in one or more weeks between April 2014 and the present without being (a) at least the minimum wage required by law for each hour worked for Defendants; and (b) time and one-half wages for all of their actual hours worked in excess of Forty (40) hours per week.

19. Defendants have not complied with the requirements of the Fair Labor Standards Act by, *inter alia*: (a) failing to maintain accurate time records of the actual start times, stop times, number of hours worked each day, and total hours worked each week by Plaintiff and other similarly situated non-exempt employees between April 2014 and the present, as required by the FLSA, 29 C.F.R. §516.2; and (b) failing to pay the minimum wages required by law and time and one-half wages for all of the actual overtime hours worked by Plaintiff and other similarly situated non-exempt employees in one or more weeks between April 2014 and the present.

20. At all times material to this Complaint, Defendants had knowledge of the actual hours worked by Plaintiff and other similarly situated non-exempt employees in multiple work weeks between April 2014 and the present, all of which work was for the benefit of Defendants. Nonetheless, Defendants knowingly and willfully failed to compensate Plaintiff and the other similarly situated employees with the minimum wages required by law and time and one-half wages for all of their actual overtime hours worked, instead accepting the benefits of the work performed by Plaintiff and the others similarly situated to him without paying the compensation required by the FLSA.

## COUNT I
## OVERTIME VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

Plaintiff, FRANCISCO GONZALEZ readopts and realleges the allegations contained in

Paragraphs 1 through 20 above.

21. Plaintiff is entitled to be paid time and one-half of his applicable regular rate(s) of pay for each and every hour he worked for Defendants in excess of Forty (40) hours per work week during the three (3) year statute of limitations period between approximately December 2016 and mid-January 2017.

22. All similarly situated current and former non-exempt employees, however variously titled, who have worked in excess of Forty (40) hours per week for Defendants in one or more weeks between April 2014 and the present are also entitled to be paid time and one-half of their applicable regular rates of pay for each and every overtime hour they worked for Defendants but were not properly compensated for working on Defendants' behalf during any work weeks within the three (3) year statute of limitations period.

23. At all times material to this Complaint, Defendants have had actual notice that their compensation practices did not provide Plaintiff and the other similarly situated non-exempt employees with time and one-half wages for all of their actual overtime hours worked between April 2014 and the present based upon, *inter alia*: (a) Defendants facilitating the creation, oversight, and administration of compensation practices, timekeeping practices, and employment policies governing Plaintiff and the other employees similarly situated to him which knowingly and willfully did not provide time and one-half compensation for all hours worked in excess of Forty (40) hours per week; and (b) Defendants' failure to maintain accurate records of the actual start times, stop times, number of hours worked each day, and total hours worked each week by Plaintiff and the other similarly situated employees for Defendants as required by the Fair Labor Standards Act for each work week within the three (3) year statute of limitations period between April 2014 and the present.

24. By reason of the intentional, willful and unlawful acts of Defendants, all Plaintiffs (the named Plaintiff and those similarly situated to him) have suffered damages plus incurring costs and reasonable attorneys' fees.

25. Defendants did not have a good faith basis for their failure to pay time and one-half wages for all of the actual overtime hours worked by Plaintiff and Defendants' other non-exempt employees, however variously titled, as a result of which Plaintiff and the other similarly situated employees are entitled to the recovery of liquidated damages from Defendants pursuant to 29 U.S.C. §216(b).

26. Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover from Defendants all reasonable attorneys' fees and costs incurred as a result of Defendants' violations of the FLSA.

27. Plaintiff demands a jury trial.

WHEREFORE, Plaintiff, FRANCISCO GONZALEZ and any current or former non-exempt employees similarly situated to him who join this action as Opt-In Plaintiffs, demand judgment, jointly and severally, against Defendants, JOE'S BLUE MARKET CORP. and TERRY THOMPSON, for the payment of all unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs of suit, and for all proper relief including prejudgment interest.

## COUNT II
## VIOLATION OF THE FLORIDA CONSTITUTION, ART. X, § 24 – MINIMUM WAGES

Plaintiff, FRANCISCO GONZALEZ, realleges and reincorporate all allegations contained within Paragraphs 1 through 20 above as though fully stated herein.

28. Plaintiffs and the other similarly situated non-exempt employees of Defendants are/were entitled to be paid the full minimum wage for each hour worked during their employment with Defendants within the last five (5) years.

29. Defendants willfully failed to pay Plaintiffs and those similarly situated employees—namely other Stockers and Cashiers, however variously titled—the full minimum wage for one or more weeks of work contrary to Article X, Section 24 of the Florida Constitution.

30. More specifically, Plaintiff is entitled to the minimum wage required by law for every hour he worked for Defendants each week within the three (3) year statute of limitations period between approximately December 2016 and mid-January 2017.

31. The minimum wage required by law that Defendants were obligated to pay Plaintiff and the other similarly non-exempt employees, however variously titled, in Florida was $7.93/hour in 2014, $8.05/hour in 2015 and 2016, and $8.10/hour since January 1, 2017.

32. However, JBM paid Plaintiff less than the minimum wage required by law for his hours worked for Defendants between approximately December 2016 and mid-January 2017.

33. All other non-exempt employees, however variously titled, of Defendants are also entitled to be paid time at least the minimum wage required by law for every hour they have worked for Defendants within the past five (5) years.

34. At all times material to this Complaint, Defendants had knowledge that Plaintiff and other non-exempt employees, however variously titled, were performing work for the benefit of Defendants during numerous work weeks within the statute of limitations period without compensation at the minimum wage required by law.

35. Defendants have knowingly and willfully failed to pay Plaintiff and the other similarly situated non-exempt employees at least the minimum wage required by law for all of their actual hours worked for Defendants during each week within the statute of limitations period.

36. By reason of Defendants' intentional, willful and unlawful act, all Plaintiffs (the named Plaintiff and those employees similarly situated to him) have suffered damages plus

incurring costs and reasonable attorneys' fees.

37. Defendants did not have a good faith basis for their failure to pay at least the minimum wage required by law for all of the actual hours worked by Plaintiff and Defendants' other non-exempt employees, however variously titled, as a result of which Plaintiff and the other similarly situated employees are entitled to the recovery of liquidated damages in an amount equal to their unpaid minimum wages from Defendants.

38. On February 13, 2017, Plaintiff made a written demand for payment of unpaid minimum wages from Defendants but Defendants have failed to pay any amounts due and owing to Plaintiff.

39. Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant to Florida law, Plaintiff is entitled to recover from Defendants all reasonable attorneys' fees and costs.

40. Plaintiff demands a jury trial.

WHEREFORE, Plaintiff, FRANCISCO GONZALEZ and any current or former non-exempt employees similarly situated to him, demand judgment, jointly and severally, against Defendants, JOE'S BLUE MARKET CORP. and TERRY THOMPSON, for the payment of all unpaid minimum wages, liquidated damages, reasonable attorneys' fees and costs of suit, and for all proper relief including prejudgment interest.

## **JURY TRIAL DEMAND**

Plaintiff demands trial by jury on all issues so triable.

Dated: April 7, 2017                        Respectfully submitted,


                                By:    **s/HAZEL SOLIS ROJAS**
                                       Keith M. Stern, Esquire
                                       Florida Bar No. 321000
                                       E-mail: employlaw@keithstern.com
                                       Hazel Solis Rojas, Esquire
                                       Florida Bar No. 91663
                                       E-mail: hsolis@workingforyou.com
                                       LAW OFFICE OF KEITH M. STERN, P.A.
                                       One Flagler
                                       14 NE 1st Avenue, Suite 800
                                       Miami, Florida 33132
                                       Telephone: (305) 901-1379
                                       Facsimile: (561) 288-9031
                                       Attorneys for Plaintiff

## CONSENT TO JOIN FORM

1. I consent to be a party plaintiff in a lawsuit against Defendant(s), <u>Joe's Blue Market Corp.</u> as well as any related entities and individuals, to seek recovery for violations of the Fair Labor Standards Act (FLSA) pursuant to 29 U.S.C. §216(b) *et seq.*

2. I hereby designate the Law Office of Keith M. Stern, P.A. to represent me in bringing my FLSA claims and to make decisions on my behalf concerning the litigation and settlement of these claims. I agree to be bound by any adjudication by the Court, whether it is favorable or unfavorable.

3. I also consent to join any other related action against Defendant(s), or any other potentially responsible parties, to assert my FLSA claims and for this Consent Form to be filed in any such action.

<u>Francisco Gonzalez</u>
Printed Name

**Signature:** *Frank O. Gonzalez*
Frank O. Gonzalez (Jan 17, 2017)

**Email:** █████████████